**CIVIL COVER SHEET** 12 CV 1412

12/07

... civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided ... rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating ... il docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**(a) PLAINTIFFS**
DEFENSE SOLUTIONS, INC. 254 Eagleview Blvd. Suite 311, Exton, PA 19343

**(b)** County of Residence of First Listed Plaintiff _____Chester County_____
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Jeffrey D. Servin, Esquire, 1500 Market St., 12th Floor, Center Square, East Tower, Phila., PA 19102, (215) 665-1212

**DEFENDANTS**
Alliance Energy Fund, Steven Canady, Anil Pater, Wayne Little, and Leonard Moore,

County of Residence of First Listed Defendant _____New York_____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff (For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☒ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

**V. ORIGIN** (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause:
BREACH OF CONTRACT, FRAUD, TORTIOUS INTERFERENCE, ET AL.

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ IN EXCESS OF $100,000,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

**VIII. RELATED CASE(S) IF ANY**
(See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE
03/20/2012

SIGNATURE OF ATTORNEY OF RECORD
/S/ Jeffrey D. Servin, Esquire

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

MAR 2 0 2012



$350

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**
**CIVIL TRIAL DIVISION**

LS

| | |
|---|---|
| **DEFENSE SOLUTIONS, INC.**<br>**254 EAGELEVIEW BOULEVARD**<br>**SUITE 311**<br>**EXTON, PA 19343** | :<br>:<br>:<br>:<br>: |
| **Plaintiffs** | : |
| **v.** | :<br>: **DOCKET NO. 2011**<br>12-CV-1412 |
| **ALLIANCE ENERGY FUND**<br>**1325 AVENUE OF THE AMERICAS**<br>**28th Floor**<br>**NEW YORK, NY 10019** | :<br>:<br>:<br>: |
| **And** | : |
| **STEVEN CANADY**<br>**1325 AVENUE OF THE AMERICAS**<br>**28th Floor**<br>**NEW YORK, NY 10019** | :<br>:<br>:<br>: |
| **And** | : |
| **ANIL PATEL**<br>**1140 AVENUE OF THE AMERICA**<br>**9TH Floor**<br>**NEW YORK, NY 10036** | :<br>:<br>:<br>: |
| **And** | : |
| **WAYNE LITTLE**<br>**1140 AVENUE OF THE AMERICA**<br>**9TH Floor**<br>**NEW YORK, NY 10036** | :<br>:<br>:<br>: |
| **And** | : |
| **LEONARD MOORE**<br>**EQUIDEEN FINANCIAL SERVICES, INC.:**<br>**5090 RICHMOND AVE., #479**<br>**HOUSTON, TX 77056** | :<br>:<br>:<br>: |
| **Defendant** | : |

12-cv-1412

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 254 EAGLEVIEW Blvd, Suite 311, EXTON, Pa. 19343

Address of Defendant: 1325 Avenue of the Americas, 28th Floor, New York, NY 10019

Place of Accident, Incident or Transaction: Philadelphia, Pa. EXTON, Pa and New York, NY
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes☐  No☒

Does this case involve multidistrict litigation possibilities?     Yes☐  No☒
RELATED CASE, IF ANY:
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
Yes☐  No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
Yes☐  No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
Yes☐  No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
Yes☐  No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)
A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
(Please specify)

B. Diversity Jurisdiction Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☒ All other Diversity Cases
(Please specify)
CONTRACT, FRAUD, TORTIOUS INTERFERENCE

ARBITRATION CERTIFICATION
(Check Appropriate Category)
I, JEFFREY O. SERVIN , counsel of record do hereby certify:
☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: 3/20/12     Attorney-at-Law _____     19958
                                                    Attorney I.D.#
NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 3/20/12     Attorney-at-Law _____     19958
                                                    Attorney I.D.#
CIV. 609 (6/08)

**LS**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

DEFENSE SOLUTIONS, INC

v.

Alliante Energy Fund et al.

CIVIL ACTION

NO. 12-CV-1412

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

Date: 3/20/12   Attorney-at-law: JEFFREY D. SERVIN Eq   Attorney for: Plaintiff

Telephone: 215-665-1212   FAX Number: 215-654-0357   E-Mail Address: Jdservin@comcast.net

(Civ. 660) 10/02

## UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA
### CIVIL TRIAL DIVISION

DEFENSE SOLUTIONS, INC.                  :
254 EAGELEVIEW BOULEVARD                 :
SUITE 311                                :
EXTON, PA 19343                          :
                                         :
                 **Plaintiffs**          :
                                         :              : DOCKET NO.  2011
            **v.**                       :
                                         :
ALLIANCE ENERGY FUND                     :
1325 AVENUE OF THE AMERICAS
28th Floor       :
NEW YORK, NY  10019                      :
                                         :
            **And**                      :
                                         :
STEVEN CANADY              :
1325 AVENUE OF THE AMERICAS
28th Floor       :
NEW YORK, NY 10019                       :
                                         :
            **And**                      :
                                         :
ANIL PATEL                               :
1140 AVENUE OF THE AMERICA
9TH Floor                                     :
NEW YORK, NY 10036           :           :
                                         :
            **And**                      :
                                         :
WAYNE LITTLE                             :
1140 AVENUE OF THE AMERICA
9TH Floor                                     :
NEW YORK, NY 10036                       :
                                         :
            **And**                      :
                                         :
LEONARD MOORE
EQUIDEEN FINANCIAL SERVICES, INC.
5090 RICHMOND AVE., #479:                            :
HOUSTON, TX 77056                        :
                                         :
            **Defendant**                :



## CIVIL ACTION COMPLAINT

### I.   FACTUAL BACKGROUND

1.    The Plaintiff, Defense Solutions, Inc. is a Delaware Corporation with its primary business residence at 254 Eagleview Boulevard, Exton, PA 19341.

2..   The Defendant Alliance Energy Fund is a New York corporation, who does business in the United States with a primary business office located at 1325 Avenue of the Americas, 28TH Floor, New York, NY 10019.

3.    The Defendant Steven Canady is an individual whose business residence is located at 1325 Avenue of the Americas, 28th Floor, New York, NY 10019.

4.    The Defendant Anil Patel is an individual whose business residence is located at 1140 Avenue of the Americas, 9th Floor, New York, NY 10036.

5.    The Defendant Wayne Little is an individual whose business residence is located at 1140 Avenue of the Americas, 9th Floor, New York, NY 10036.

6.    The Defendant Leonard Moore is an individual whose business residence is located at 5090 Richmond Ave., #479, Houston, TX 77056.

7.    Jurisdiction in this case is based upon Diversity of Citizenship as Plaintiff and all Defendants are citizens of different states, wherein the Plaintiff is a citizen of the State of Pennsylvania and the Defendants are citizens of the State of New York, Texas and Georgia and the amount in controversy exceeds the sum of $150,000.00, exclusive of interest and costs.

8.    In or around May 23, 2011, Iraq's Ministry of Oil issued a crude oil allocation award letter to Plaintiff, Defense Solutions, Inc. for the purchase of 45 million barrels of Iraqi crude oil at a net price of Platts minus $15.50/barrel plus commissions.

2

9.      The Plaintiff's authorized agents and representatives made three trips to Beirut in late May, June and July of 2011 to meet with Iraqi Ministry of Oil representatives to confirm contract details, scheduling and commission payment criteria.  By late July 2011, the Plaintiff confirmed the contract was valid.

10.      In early August, through certain intermediaries including Defendant, Leonard Moore, the Plaintiff contacted Defendant Alliance Energy Fund, a subsidiary to Alliance Warburg Capital Management and proposed a Joint Venture.  Alliance proposed instead of a Joint Venture a fee structure that paid Defendant's representative, Equideen Financial Services, Inc. $2.00/barrel ($90 million) and recognized Plaintiff's contractual obligation to be paymaster to the Iraqi agents ($4.50/barrel) and $2.37/barrel to Plaintiff Defense Solutions, Inc..

11.      It took the Defendants Alliance Energy Fund from early August to October 11, 2011, more than 2 months, to advise us that Alliance Energy Fund supposedly had completed their due diligence and legal review of the above transaction.  During that period of time there were numerous contacts between the Plaintiff, and the Plaintiff's authorized representatives and the Defendant's both on a corporate and individual basis, and through their duly authorized agents/representatives, that the comprehensive and substantial due diligence, critical to the timely conclusion of this transaction would be completed by early October 2011.  Moreover, during that period of time representatives of the Plaintiff spoke to authorized representatives for the Defendants who confirmed the processing of the due diligence and communicated by email with Defendants legal representatives.

12.      Plaintiff believes and avers that at all times material hereto the Defendants Steven Canady, Anil Patel, Wayne Little and Leonard Moore were acting in both their corporate capacities, for their principle Alliance Energy Fund, as duly authorized representatives and agents of said Defendant.  In addition, that all the above Defendants were acting also,

3

simultaneously, in their individual capacities, as agents, brokers, or facilitators in connection with the completion of this transaction.

13.     One of the absolute requirements Plaintiff mandated of any potential partner and/or funder was the requirement imposed on us by the Iraqis to show proof of funds adequate to conduct this deal by a certain date. At $90.00/barrel for 45 million barrels, this was a $3.6 billion contract. The Iraqis agreed to a proof of funds by Swift MT799 in the amount of $1 billion.

14.     In the agreement accepted by Defendant Alliance Energy Fund on 11 October 2011, which my client countersigned on 13 October 2011, Defendant Alliance Energy Fund agreed to supply the Swift MT799 proof of funds by the date certain, October 20, 2011. It is clear from any objective reading of this agreement that providing the above funding was an unconditional commitment, completely devoid of any "best efforts" language or its equivalent. A copy of said Agreement/Memorandum of Understanding is attached hereto as Exhibit "A".

15.     On October 15, 2011, Plaintiffs' CEO and other representatives met with the representative of Alliance Energy Fund, Defendant Steve Canady, in Manhattan. In that meeting, Plaintiffs again stressed the importance of immediately issuing the MT799 proof of funds. Defendant Canady apologized for the long delay (2 months) in coming to terms on the Agreement because of the extensive due diligence required. Defendant Canady also assured the Plaintiff that they would issue the MT799 immediately – quite possibly on Monday, October 17, 2011. Nothing happened on Monday, October 17, 2011.

16.     On Tuesday, October 18th, representative of Defense Solutions, Inc., Paul Benson and Plaintiff had a conference call in the late afternoon with Mr. Canady and Defendant, Leonard Moore; at which time Defendant Canady for the first time asked for assurances that the Iraqi Ministry of Oil would promptly issue the contract once the proof of funds was supplied. Plaintiff

repeated that the Iraqis had told him this at various meetings in Beirut and Istanbul and Defendant Canady stated that he was satisfied and needed no further confirmation of the above.

17.     October 20, 2011, the date that Defendant Alliance Energy Fund was obligated to issue the proof of funds, passed with NO direct contact from Defendant Alliance or Defendant Canady.

18.     From October 18, 2011, for a period of about two weeks, Plaintiff again attempted to get in contact with Defendant Canady.  None of these contact attempts were answered.  For over two weeks Defendant Canady never answered any emails, nor responded to any text messages or voice messages.  During this period, Defendant Leonard Moore, who said he was in direct contact with Defendant Canady, reported REPETEDLY that the Swift was being processed and would be issued momentarily.

19.     On November 10, 2011 Plaintiff was informed by their representative to the Iraqi Ministry of Oil that their allocation was being "reallocated," in that; the Iraqis were giving the oil to another company because of the failure to show the proof of funds by SWIFT MT799.

20.     Plaintiff informed Defendant Canady of this fact and Defendant Canady responded, confirmed and stated unbelievably that they had only then just started to process the SWIFT that week.  Accordingly, there NEVER was an attempt to comply with the 20 October 2011 date.  Thus virtually everything Plaintiffs were told by the Defendant, including Mr. Canady from between August 15, 2011 through November 10, 2011, amounted to major and material misrepresentation and falsehoods.  Defendants specifically represented prior thereto that due diligence had been started at least 60 days prior to the deadline date, so that deadline could be met in the ordinary course of business.

5

21.     In summary, Defendant, Alliance Energy Fund had a firm contractual obligation to issue the MT799 proof of funds by 20 October 2011; when the MT799 proof of funds was not issued by 10 November, the Iraqis withdrew the contract offer.

22.     As a direct result and consequence of the above, Plaintiff lost: a) years of effort of business development in Iraq, which cost several million dollars to develop; b) Plaintiff lost the commission that Alliance Energy Fund had agreed to pay of $2.37 for each of the 45 million barrels being approximately $106,650,000.00; c) Plaintiff has liability exposure of $4.50/barrel to the Iraqi agents (approximately $202.5 million); d)  There has been substantial damage to Plaintiffs' reputation in Iraq and in the oil trading community, as it will be very difficult for Plaintiff to do any future work in Iraq, as their credibility has been severely and permanently damaged; e) Plaintiff was also notified on 21 November 2011, that the Director General of the Iraqi State Oil Marketing Organization (SOMO – the agency within the Ministry of Oil that issues contracts for crude oil), that Plaintiffs' company is blacklisted and will not be issued another Iraqi governmental contract.

## COUNT I - FRAUD IN THE INDUCEMENT

## DEFENSE SOLUTIONS, INC. VS. ALLIANCE ENERGY FUND, STEVEN CANADY, ANIL PATEL, WAYNE LITTLE, AND LEONARD MOORE

23.     Plaintiff incorporates the allegations of paragraphs 1 through 22, as if set forth fully herein.

24.     On October 11, 2011, Defendant requested Plaintiff to enter into a contract with Defendant for the above mentioned $3,600,000,000 transaction, attached hereto as Exhibit "A".

25.     Defendant represented to Plaintiff that Defendants representatives and attorneys had been working intently to complete the due diligence in a timely fashion since mid-August of

2011. Further, that they would have the funds available to comply with the requirements, previously stated, as of October 20, 2011. In fact, these representations were false.

26.     Defendants knew the representations to be false and made them with the purpose of inducing the Plaintiff to nevertheless enter into said contract. Further, the Plaintiff's then relied on the representation of the Defendants that the extensive due diligence had been completed.

27.     Plaintiff in fact relied upon the misrepresentations that they were completing due diligence. If Plaintiff had known that no due diligence,had even been started, Plaintiff would have sought substitute financing. As a direct and proximate result the Plaintiff suffered the damages as previously set forth herein.

28.     As a direct and proximate result of the Defendants misrepresentations, Plaintiffs have suffered direct losses and consequential damages in excess of one hundred million dollars ($100,000,000.00).

29.     Defendants actions, joint and severally were willful, malicious and without reasonable justification or excuse. These actions were undertaken by all the Defendants with the sole intent to harm the Plaintiffs. Therefore, Plaintiffs have also suffered punitive damages in the amount to be set by the Court, which is just and proper.

**WHEREFORE**, Plaintiff demands that judgment be entered in its favor and against Defendants joint and severally, in an amount in excess of $100,000,000.00. Further, that this Court awards such other and additional relief as the Court may deem just and proper.


# COUNT II -  BREACH OF CONTRACT

**DEFENSE SOLUTIONS, INC. VS. ALLIANCE ENERGY FUND, STEVEN CANADY, ANIL PATEL, WAYNE LITTLE, AND LEONARD MOORE**

30.     Plaintiff incorporates the allegations of paragraphs 1 through 29, as if set forth in extenso.

31.     On October 10, 2011, Plaintiff and Defendant entered into a contact which is attached hereto as Exhibit "A" as previously referred to above.

32.     The contract had specific requirements and obligations to be completed by the Defendants as previously specified above, particularly in paragraphs 10 through 15 above.

33.     Defendants breached the above obligations and duties.

34.     As a direct and proximate result of Defendant's breach, Plaintiff has suffered consequential and punitive damages as specifically indicated above and as set forth in in an amount in excess of $100,000,000.

**WHEREFORE**, Plaintiff demands that judgment be entered in its favor and against Defendants joint and severally, in an amount in excess of $100,000,000.00 and that this Court award such other and additional relief as the Court may deem just and proper.

**COUNT III - TORTIOUS INTERFERENCE**

**DEFENSE SOLUTIONS,  INC. VS. ALLIANCE ENERGY FUND, STEVEN CANADY, ANIL PATEL, WAYNE LITTLE, AND LEONARD MOORE**

35.     Plaintiff incorporates the allegations of paragraphs 1 through 34, as if set forth fully herein.

36.     On or about October 10, 2011, and before Defendants knew that in connection with the contract they were entering with the Plaintiffs, it was critical to be fulfilled by October

8

20, 2011 in order that the third party, Iraqi Oil Ministry would honor the Plaintiffs' contract. Said Agreement was thus based on the proof of funds to be in place by October 20, 2011. Moreover, that in order to complete same, due diligence had to be started on this transaction at least 60 days prior to the deadline date.

37     Defendants believes and therefore avers that, said Defendants had a specific intent of harming the Plaintiffs relationship with the Iraqi Oil Ministry by completely misrepresenting the processing and timing of said due diligence; which was designed to injure the aforesaid relationship.

38.     Defendants had no privilege or justification for these actions and as a result of the Defendants wrongful failure to perform. Plaintiff suffered actual damages and substantial damages, as previously set forth above.

**WHEREFORE**, Plaintiff demands that judgment be entered in its favor and against Defendants joint and severally, in an amount in excess of $100,000,000.00 and that this Court awards such other and additional relief as the Court may deem just and proper.

## COUNT IV - UNFAIR BUSINESS PRACTICES

### DEFENSE SOLUTIONS, INC. VS. ALLIANCE ENERGY FUND, STEVEN CANADY, ANIL PATEL, WAYNE LITTLE, AND LEONARD MOORE

39.     Plaintiff incorporates the allegations of paragraphs 1 through 38, as if set forth in extenso.

40.     Defendant's actions constitute unfair business practices under the Uniform Trade Practices and Consumer Protection Law, 73 P.S. § 201-2(4).

9

**WHEREFORE**, Plaintiff demands that judgment be entered in its favor and against Defendants joint and severally, in an amount in excess of $100,000,000.00 and that this Court awards such other and additional relief as the Court may deem just and proper.

## COUNT VIII – BREACH OF IMPLIED COVENANT OF GOOD FAITH

### DEFENSE SOLUTIONS, INC. VS. ALLIANCE ENERGY FUND, STEVEN CANADY, ANIL PATEL, WAYNE LITTLE, AND LEONARD MOORE

41.     Plaintiff incorporates the allegations of paragraphs 1 through 40, as if set forth in extenso.  On October 10, 2011, Plaintiff and Defendant entered into a contact as specified in paragraph 14 above.

42.     The contract contained an implied covenant of good faith and fair dealing, which obligated Defendants to perform the terms and conditions of the contract fairly and in good faith and to refrain from doing any act that would prevent or impede Plaintiff from performing any or all of the conditions of the contract that Plaintiff agreed to perform, or any act that would deprive Plaintiff of the benefits of the contract.

43.     Defendants breached the implied covenant of good faith and fair dealing by: 1) failing to make an attempt to even complete the due diligence and 2) provide the funding as set forth above and 3) completely misrepresenting to the Plaintiffs that said due diligence had occurred and that the transaction would be completed.

44.     As a direct and proximate result of Defendant's breach, Plaintiff has suffered damages in excess of $100,000,000.00.

**WHEREFORE,** Plaintiff demands that judgment be entered in its favor and against Defendants joint and severally, in an amount in excess of $100,000,000.00 and that this Court awards such other and additional relief as the Court may deem just and proper.

10

## COUNT XI - PIERCING THE CORPORATE VEIL

## ALLIANCE ENERGY FUND VS. STEVEN CANADY, ANIL PATEL, WAYNE LITTLE, AND LEONARD MOORE

45.    Plaintiff incorporates the allegations of paragraphs 1 through 44, as if set forth herein at length.

46.    The Defendants, Steven Canady, Anil Patel, Wayne Little and Leonard Moore, based on information and belief are members, officers and/or equity holders of the Defendant, Alliance Energy Fund.

47.    Even though the contract is between initially the Plaintiff and the Defendant, Alliance Energy Fund, Plaintiff believes and therefore avers that said Defendant was inadequately capitalized to conduct the business in which it engaged in as fully set forth above. Accordingly, any promises to the Plaintiff by the Defendant Alliance Energy Fund, were fraudulently administered through the auspices of said Defendants, Steven Canady, Anil Patel, Wayne Little and Leonard Moore.

48.    The Defendants Steven Canady, Anil Patel, and Wayne Little exercise control and domination of the Defendant Alliance Energy Fund.  Accordingly, as result of a fraud being perpetrated against the Plaintiff and without the Court piercing the corporate veil fundamental unfairness will result.

49.    Upon information and belief at all relevant times Plaintiff believes and therefore avers that Alliance Energy Fund has been grossly undercapitalized.

50.    That the corporate form of Alliance Energy Fund should be disregarded, as against the Defendants, Steven Canady, Anil Patel and Wayne Little and Leonard Moore, as the

11

form was used as a sham to perpetrate a fraud and that the corporation was grossly inadequately capitalized so as to work an injustice and to perpetrate an actual fraud on the Plaintiff. Moreover, that the Defendant Leonard Moore was aware of the above, and participated with the other individual Defendants to the great prejudice and injury of the Plaintiff and that the individual Defendants should be joint and severally responsible for debts and obligations of the corporate Defendant, Alliance Energy Fund.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered in its favor and joint and severally against the Defendants, Steven Canady, Anil Patel, Wayne Little and Leonard Moore, in an amount excess of $100,000,000.00 plus interest, attorney's fees, costs, punitive damages, direct and consequential damages and such other relief that the Court deems just and proper.

Respectfully submitted,

Jeffrey D. Servin, Esquire
Attorney ID #19958
1500 Market Street, 12th floor
East Tower, Centre Square
Philadelphia, PA 19102
Phone: 215-665-1212
Fax:    215-654-0357
Attorney for the Plaintiff,
Defense Solutions, Inc.

Date: 3/26/12