# Motion to Dismiss Complaint

In the United States District Court for the Eastern District of Pennsylvania

U.S. District Court, ED of PA

2609 U.S. Courthouse

601 Market Street

Philadelphia, PA 19106-1797


Civil Court Division

**Civil Action No. 12-1412**

Plaintiff: Defense Solutions, Inc.

Defendant: Leonard Moore

May 13, 2012


Defendant moves the court pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the action because the complaint fails to state a claim against the Defendant upon which relief can be granted for the following:

(1) I would like to bring to the courts attention that the defendant Leonard Moore has no contractual or legal relationship to the plaintiff therefore there can be no Breach of Contract by the defendant Leonard Moore.
(2) The plaintiff states in his complaint that the defendant Leonard Moore somehow committed fraud against the plaintiff. Nothing could be further from the truth. Defendant Leonard Moore spent six months of his life trying to assist the two parties in completing this transaction and as result did not

make one dime but received a summons for a civil suit in federal court for $100,000,000.

(3) The plaintiff states on page three of his complaint that defendant Leonard Moore was acting in his "Corporate Capacity". The defendant Leonard Moore is not now nor has he ever been an officer or director or employee of Alliance Energy Fund. The defendant Leonard Moore did act as a corporate officer of Equideen Financial Services, Inc. at all times through this process. Equideen Financial Services, Inc. acted solely as a broker in this transaction.

(4) The plaintiff's statement of facts contains as I recall several omissions. One of the key omissions was the fact that the defendant Steven Canady stated to the plaintiff that if Alliance Energy could not be the buyer of record then Alliance Energy Fund would not go forward with the transaction. Also he told them that under no circumstances would he disclose his end buyer to them unless he received confirmation from SOMO that Alliance Energy Fund would be the buyer of record. After the contract was signed between the two companies one of the plaintiffs employees Paul Benson sent to Alliance Energy Fund a letter that they alleged was from SOMO ( but it was not on SOMO letterhead) that included an allocation number. After that was received from Alliance Energy Fund the Fund tried to authenticate the allocation number with SOMO but could not get a successful authentication from SOMO. I was made aware of this by way of a phone call from Mr. Canady. I subsequently called Paul Benson and made him aware of the situation. At that point the plaintiff wanted Alliance Energy Fund to move forward with the MT799 for $1Billion which would cost them somewhere between $10 Million and $100Million. At that point I knew we were headed for trouble.

(5) On page 7 of the complaint the plaintiff makes two false allegations. The first is that the defendant Leonard Moore knew that the representations of Alliance Energy Fund were false. That is not true. The other is the defendant Leonard Moore acted willfully and maliciously to harm the plaintiff. That also is not true.

Services, Inc. was placed on the agreement as a broker intermediary for their compensation. In order for the court to grant a piercing of the corporate the plaintiff must prove not just state fraud, tortious interference, unfair business practice, breach of implied covenant of good faith and breach of contract. Before they can do that they must prove that defendant Leonard Moore even has a contract with them or is a signatory to a contract with them. This we all know cannot be proven.

All of the above are true and correct to the best of my knowledge.

Leonard Moore

*Leonard C. Moore*

**Equideen Financial Services, Inc.**

**5090 Richmond Ave. #479**

**Houston, Texas 77056**

**(281) 690-0553**